***E-FILED - 5/7/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SMITH, et. al., ) | No. C 04-4793 RMW (PR) |
| ) | |
| Plaintiffs, ) | ORDER OF PARTIAL DISMISSAL |
| ) | AND DIRECTING DEFENDANTS TO |
| ) | FILE DISPOSITIVE MOTION OR |
| vs. ) | NOTICE REGARDING SUCH MOTION |
| ) | |
| J.S. WOODFORD, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a California prisoner on death row at San Quentin State Prison ("SQSP"), filed this pro se civil rights action under 42 U.S.C. § 1983 in Marin Superior Court. Defendants, SQSP officials, removed this action to federal court based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(b). After reviewing the second amended complaint, the court will dismiss certain claims and schedule dispositive motions on plaintiff's cognizable claims.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).  To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded.  See Paul v. Davis, 424 U.S. 693, 697 (1976).

B.   Plaintiff's Claims

   1.   Confidential Informants

Plaintiff seeks the injunctive relief in the form of "findings" by the court that: (1) the "relationship" between numerous inmates, whom plaintiff alleges are "confidential informants," and SQSP staff are "inappropriate, unacceptable, and illegal," and (2) that these confidential informants are "unreliable."  (Second Amended Complaint ("SAC") at 22-25.)  Plaintiff does not cite to, and the court is not aware of, any federal law prohibiting the relationships between the confidential informants and prison staff, and no basis in federal law for finding such informants to be unreliable.  As there is no alleged or apparent violation of federal law, plaintiff's requests for injunctive relief with respect to

1 | the confidential informants will not be granted under § 1983.

2 |     2.   <u>Property</u>

Plaintiff claims that prison officials illegally "stole" nine items of his personal property. (SAC at 26.) He seeks monetary reimbursement for such property. The federal right to due process ordinarily requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See <u>Memphis Light, Gas & Water Div. v. Craft</u>, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized. See <u>Parratt v. Taylor</u>, 451 U.S. 527, 535-44 (1981) (finding no claim where state employee negligently lost prisoner's hobby kit), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984) (finding no claim based on intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See <u>Zinermon v. Burch</u>, 494 U.S. 113, 128 (1990); <u>King v. Massarweh</u>, 782 F.2d 825, 826 (9th Cir. 1986). California law provides such adequate post-deprivation remedy. See <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). As the alleged stealing of plaintiff's property in this case was unauthorized, it does not implicate his right to due process. Although plaintiff may bring a claim under California's state tort claims procedures for the loss of his personal property, such a claim does not state a cognizable claim for relief under federal law.

    3.   <u>Mail</u>

Plaintiff alleges that on two occasions he received mail from the Marin County Superior Court that had been previously opened by prison officials. (SAC at 17, 21, 27.) Prison officials may open and inspect mail to a prisoner from courts outside the prisoner's presence because mail from courts, as opposed to mail from a prisoner's lawyer, is not "legal mail." <u>Keenan v. Hall</u>, 83 F.3d 1083, 1094 (9th Cir. 1996), <u>amended</u>, 135 F.3d 1318 (9th Cir. 1998). Accordingly, plaintiff's allegations with respect to his mail do not

state a cognizable claim for relief.

4. <u>Sexual Orientation Discrimination</u>

Having reviewed the second amended complaint, the court finds that the allegations, liberally construed, state a cognizable claim that defendants unconstitutionally discriminated against him based on his sexual orientation by taking away his contact visits with his children, assigning him to an exercise yard with poor facilities, disciplining him based on "false" evidence, and assigning him to a bad cell. See <u>Romer v. Evans</u>, 517 U.S. 620, 631-36 (1996).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. The claims for injunctive relief with respect to confidential informants, the personal property claims, and the claims regarding plaintiff's mail, as described above, are DISMISSED for failure to state a claim upon which relief may be granted.

2. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims for sexual orientation discrimination in the second amended complaint.

   a. If defendants elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> denied <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the court

1  and served on defendants no later than **thirty (30) days** from the date defendant's motion
2  is filed.
3           a.      In the event defendants file an unenumerated motion to dismiss
4  under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

           b.      In the event defendants file a motion for summary judgment, the
Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal and Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.rmw\cr.04\Smith973sch

1  read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477
2  U.S. 317 (1986) (holding party opposing summary judgment must come forward with
3  evidence showing triable issues of material fact on every essential element of his claim).
4  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary
5  judgment may be deemed to be a consent by plaintiff to the granting of the motion, and
6  granting of judgment against plaintiff without a trial.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52,
7  53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

8          4.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after
9  plaintiff's opposition is filed.

10         5.      The motion shall be deemed submitted as of the date the reply brief is due.
11  No hearing will be held on the motion unless the court so orders at a later date.

12         6.      All communications by the plaintiff with the court must be served on
13  defendant, or defendant's counsel once counsel has been designated, by mailing a true
14  copy of the document to defendant or defendant's counsel.

15         7.      Discovery may be taken in accordance with the Federal Rules of Civil
16  Procedure.  No further court order is required before the parties may conduct discovery.

17         IT IS SO ORDERED.
18  DATED:  5/5/08                          *Ronald M. Whyte*
                                            RONALD M. WHYTE
19                                          United States District Judge

Order of Partial Dismissal and Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\pro-se\sj.rmw\cr.04\Smith973sch