1

2

3

4

5                                                          ***E-FILED - 3/18/09***

6

7                                   UNITED STATES DISTRICT COURT

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                          SAN JOSE DIVISION

10

11    FLOYD SMITH, et al.,                    )        No. C 04-4793 RMW (PR)
                                              )
12              Plaintiffs,                   )        **ORDER GRANTING
                                              )        DEFENDANTS' MOTION TO
13    vs.                                     )        DISMISS**
                                              )
14                                            )
                                              )
15    J.S. WOODFORD, et al.,                  )
                                              )
16              Defendants.                   )        (Docket Nos. 18, 19, 22, 23, 25,
      _____        )        26, 27, 28, 29, 31, 34 & 36)

17

18         Plaintiff, a condemned California state prisoner who is proceeding pro se, brings the

19    instant civil rights action under 42 U.S.C. § 1983, alleging that officials of San Quentin State

20    Prison ("SQSP") discriminated against him because of his supposed homosexuality.[1]  Defendants

21    move to dismiss on the ground that plaintiff failed to exhaust SQSP's administrative remedies

22    before bringing suit in federal court.  Plaintiff has filed an opposition.  After reviewing the

23    record and the parties' filings, the court concludes that the motion should be granted and all

24    motions denied.

25

26    _____

27         [1] Plaintiff, along with another inmate, Calvin Chism, originally filed this action in the Marin
      County Superior Court.  Defendants timely removed the action to federal court.  After removal,
28    the court terminated Chism from the instant matter and allowed him to file his own separate
      action.  (Order of Partial Dismissal at 1.)

      Order Granting  Defendants' Motion for Summary Judgment
      G:\Pro-Se\SJ.RMW\CR.05\Smith793.mtd.md                    1

1

**BACKGROUND**

2      This action arises from plaintiff's allegation that defendant Dassel, an officer at SQSP,

3  made a discriminatory statement to plaintiff on March 10, 2003.  Plaintiff alleges that on that day

4  defendant Dassel said in front of other prisoners that plaintiff "has sugar in his tank," meaning

5  that plaintiff is a homosexual. (Pl.'s Opp. to Defs.' Mot. to Dismiss (Docket No. 36) ("Pl.'s

6  Opp.") at 10.)[2]  According to plaintiff, one officer smiled and another laughed in response. (Id.)

7  Plaintiff alleges in his complaint that this behavior was part of a larger pattern of behavior

8  plaintiff had experienced from defendants, who allegedly discriminated against him because of

9  his supposed sexual orientation by taking away his contact visits with his children, assigning him

10  to an exercise yard with poor facilities, disciplining him based on false evidence, and assigning

11  him to a bad cell.  (Order of Partial Dismissal (Docket No. 16) at 4.)[3]  Plaintiff asserts that he

12  exhausted his administrative remedies regarding these claims. (Second Am. Compl. at 1–2.)[4]

13      Defendants, however, dispute this.  The following facts appear to be uncontested.  It is

14  assumed that plaintiff put forth a grievance at the informal level of review regarding defendants'

15  alleged actions.  Next, plaintiff filed a 602 grievance form in the second level of review, also

16  known as the first formal level of review.  Along with his claim regarding the March 10th

17  incident, plaintiff attached other grievances, alleging inter alia that defendant Dassel had

18  committed a "crime of hatred" and "act of terror" by implying that he would tell others that

19  plaintiff had a medical condition called enuresis, which causes bedwetting.  After an

20  investigation into the March 10th claims, the first level formal reviewer informed plaintiff that

21  his allegations could not be substantiated. (Defs.' Mot. to Dismiss ("MTD"), Decl. of T. Emigh,

22  Ex. B, Part 1 at B-005 (Second Level Review Decision).)

23  _____

24      [2] Plaintiff entitles this filing as a request "to deny defendants' Rule 12(b) motion [to
dismiss]." (Docket No. 36.)  The court regards this as plaintiff's opposition to defendants'
25  motion to dismiss.

26      [3] In this same order, the court dismissed plaintiff's claims regarding defendants' alleged
opening of his mail and stealing his property, as well as claims regarding an alleged relationship
27  between inmates, prison officials, and confidential informants.  (See Docket No. 16 at 2–3).

28      [4] The Second Amended Complaint (Docket No. 11) is the operative pleading herein.

Order Granting  Defendants' Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.05\Smith793.mtd.md          2

1    In response, plaintiff appealed his claims to the second formal level of review.

2    Significantly, plaintiff was told before the second level formal reviewer issued his decision that

3    plaintiff could not add new issues on appeal.  (Id., Ex. B, Part 2 at B-044 (SQ Inmate/Parolee

4    Appeals Screening Form).)  In fact, the sole issue identified by the second level formal reviewer

5    was "[w]hether or not [plaintiff] was verbally disrespected by East Block staff on March 10,

6    2003."  Id., Ex. B., Part 1 at B-005.)  Plaintiff's second level formal reviewer also found that

7    plaintiff's claim was unsubstantiated.  (Id. at B-006.)

8    Plaintiff appealed this decision to the director's level, the fourth and final stage of review.

9    The final reviewer stated that "in the event that staff misconduct was substantiated, the

10    institution would have taken the appropriate [and confidential] course of action."  Having

11    reviewed the appeal, the final reviewer found that plaintiff had failed to provide any "new or

12    compelling information that would warrant a modification of the decision reached by the

13    institution."  (Id. at B-001.)  The final reviewer did not render a decision on the other issues

14    plaintiff had presented in the thirty-five pages of other material he submitted with his final

15    administrative appeal, which plaintiff submitted despite the earlier warnings that new issues

16    would not be considered.

17                                         **DISCUSSION**

18    Defendants contend that plaintiff failed to exhaust the four-step administrative

19    grievance procedure available at SQSP for the issues presented in his complaint.  (MTD at 2.)

20    More specifically, defendants contend that plaintiff "has properly exhausted one issue — that an

21    officer used derogatory language about him [on March 10, 2003]."  (Id.)

22    According to defendants, SQSP's four-step grievance process, which is formally set forth

23    in Cal. Code Regs., tit. 15, § 3084.5, commences with an informal grievance, and then proceeds

24    through three levels of formal review, the last of which is the director's level decision.  (Id. at 8.)

25

26    Plaintiff contends that he exhausted his administrative remedies as to all claims, and in

27    fact appended a description of them to his first 602 grievance form, which was reviewed at the

28    second level of review (synonymous with the first level of formal review).  (Pl.'s Opp. at 12.)

Order Granting  Defendants'  Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.05\Smith793.mtd.md                     3

1     Prisoners must properly exhaust their administrative remedies before filing suit in federal

2  court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or

3  any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

4  until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

5  Exhaustion is mandatory and is no longer left to the discretion of the district court. Woodford v.

6  Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

7     Compliance with prison grievance procedures is all that is required to "properly exhaust."

8  Jones v. Bock, 127 S. Ct. 910, 922–23 (2007).  The level of detail necessary in a grievance to

9  comply with the grievance procedures will vary from system to system and claim to claim, but it

10  is the prison's requirements, and not the Prison Litigation Reform Act [42 U.S.C. § 1997e], that

11  define the boundaries of proper exhaustion. Id. at 923.  At SQSP, in order to exhaust the

12  available remedies, an inmate must pursue his claim through all levels of review. See Cal. Code.

13  Regs., tit. 15, § 3084.5.

14     Based on the record before it, the court concludes that plaintiff failed to exhaust the

15  administrative remedies available to him at SQSP.  Though plaintiff appended a list of issues he

16  now presents in his federal complaint to his second level of review (synonymous with the first

17  formal level of review), the record indicates that he properly presented only one issue in the

18  administrative grievance process.   That issue — whether defendant Dassel used derogatory

19  language on March 10, 2003 — was the sole issue properly presented and exhausted.  The claims

20  plaintiff now brings in his federal complaint were not, however, properly presented to the

21  administrative grievance process, and plaintiff was so informed at an early stage in the

22  proceedings by SQSP authorities.[5]  Because SQSP's requirements define the boundaries of

23  proper exhaustion in this case, see Jones at 127 S. Ct. at 923, plaintiff's federal complaint is

24  barred.  Accordingly, defendants' motion will be granted.

**CONCLUSION**

26     Plaintiff having failed to exhaust all available administrative remedies, defendants'

27

28
_____

[5] Oddly, plaintiff admits that he withdrew "new issues" from his 602. (Pl.'s Opp. at 17.)

Order Granting  Defendants'  Motion for Summary Judgment
G:\Pro-Se\SJ.RMW\CR.05\Smith793.mtd.md          4

1  motion to dismiss (Docket No. 31) is GRANTED.  Plaintiff's complaint is DISMISSED.

2      Plaintiff's motions for court-ordered legal supplies (Docket No. 18), for the voluntary

3  dismissal of the part of the complaint that is related to visitation with minor children and to

4  remove Exhibit 19 as confidential (Docket No. 19), to discover the pretrial reports generated by

5  confidential informants (Docket No. 22), to discover the identities of confidential informants

6  (Docket No. 23), for an in camera evidence hearing (Docket No. 25), for a "physical DNA

7  examination" of confidential informant (Docket No. 26), to discover the handwriting of a

8  confidential informant (Docket No. 27), for court-appointed experts (Docket No. 28), and for the

9  appointment of a special master (Docket No. 29) are DENIED AS MOOT.  Plaintiff's motion to

10  deny defendants' motion to dismiss (Docket. No. 36) is DENIED.

11      Defendants' motion to strike plaintiff's opposition (Docket No. 34) is DENIED AS

12  MOOT.

13      This order terminates Docket Nos. 18, 19, 22, 23, 25, 26, 27, 28, 29, 31, 34 & 36.  The

14  Clerk shall enter judgment, terminate all pending motions, and close the file.

15      **IT IS SO ORDERED.**

16

17  DATED: 3/16/09

18                    RONALD M. WHYTE
                      United States District Judge