***E-FILED - 1/27/11***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SMITH, et. al., | No. C 04-4793 RMW (PR) |
| Plaintiffs, | ORDER OF SERVICE; |
| vs. | DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; |
| J.S. WOODFORD, et al. | INSTRUCTIONS TO CLERK |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California prisoner on death row at San Quentin State Prison ("SQSP"), filed this pro se civil rights action under 42 U.S.C. § 1983 in Marin Superior Court. Defendants, SQSP officials, removed this action to federal court based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(b). The court dismissed the second amended complaint pursuant to a motion by defendants. The Ninth Circuit reversed the order of dismissal, and remanded the action to this court for further proceedings. The court will schedule dispositive motions on plaintiff's cognizable claims.

# DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. See Paul v. Davis, 424 U.S. 693, 697 (1976).

B.   Plaintiff's Claims

Having reviewed the second amended complaint, the court finds that the allegations, liberally construed, state a cognizable claim that defendants unconstitutionally discriminated against plaintiff based on his sexual orientation by taking away his contact visits with his children, assigning him to an exercise yard with poor facilities, disciplining him based on "false" evidence, and assigning him to a bad cell.

See Romer v. Evans, 517 U.S. 620, 631–36 (1996).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1.   The clerk of the court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon all defendants at San Quentin State Prison.  The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2.   No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims for sexual orientation discrimination in the second amended complaint.

   a.   Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

3.   Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

   a.   In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary

>judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

**IT IS SO ORDERED.**

DATED: 1/25/11

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Service
P:\pro-se\sj.rmw\cr.04\Smith973serv(2)